LEMMON, Judge.
'.Davis Murphy, operating a motorbike, collided into the left rear side of a bus which was executing a left turn. He sued New Orleans Public Service, Inc., the owner of the bus, and Clifton Boutwell, the driver, to recover his damages sustained in the accident. After a trial on the merits, the court rendered judgment in favor of plaintiff, and defendants appealed suspen-sively.
Both vehicles were proceeding south on South Broad Street in the City of New Orleans. Just south of the intersection with Tulane Avenue, there were two auxiliary crossings in the neutral ground of South Broad. The first crossing began 117 feet from the intersection and was 42 feet wide. The second crossing, where the collision occurred, began an additional 168 feet to the south, or a total of 327 feet from the Tulane intersection. In this area the paved surface of South Broad consisted of three lanes (two for travel and one for parking) on each side of the neutral ground.
Defendants contend the bus was traveling in the left or neutral ground lane, signaling for the left turn, and was “rear-ended” by the inattentive motorbike operator as it had almost completed the turn. On the other hand, plaintiff contends the bus, traveling in the right lane, cut across his path in negotiating an unsignaled and unexpected left turn.
In finding for the plaintiff, the trial judge rendered the following written reasons :
“The bus driver was under a duty to observe or discover the approach of the rear motorcycle, 'if it is close enough to cause a collision when an unexpected left turn is made.
“The Plaintiff, rider on the motorcycle, is not charged with a duty of anticipating that the bus driver will make a left turn.” (Emphasis supplied)
Defendants argue that, since the trial judge phrased his reasons for judgment in terms of “preceding and following” vehicles rather than in language indicating a “changing of lanes” situation, he erred in his conclusions as to the reciprocal legal duties applicable to these facts. We disagree.
While the trial judge did not make explicit findings of fact, his written reasons indicated his conclusion that the bus had made a turning maneuver at a time when it was unsafe to do so. The record amply supports this conclusion.
The bus driver testified that he stopped for a red light at Tulane Avenue, at which time he occupied the right lane of traffic. When the light changed, he proceeded *524 across the intersection at a speed of eight to ten miles per hour. As he reached the first auxiliary crossing, still in the right hand lane, he first noticed the motorbike crossing Tulane Avenue. About midway between the two auxiliary crossings, he entered the left lane. At this time the motorbike was in the vicinity of the first auxiliary crossing. When the collision occurred, the bus was in the auxiliary crossing at an angle, having almost but not yet completed the left turn.
After impact, the front of the 44-foot long bus was about two feet from the eastern edge of the 24-foot wide neutral ground. The bus was struck on the left side at a point about eight feet from the rear. The impact occurred in the left or neutral ground lane of travel.
If the bus driver began his left turn halfway between the two auxiliary crossings (168 feet apart), the motorbike near the first auxiliary crossing (42 feet wide) was approximately 40 to 80 feet from the rear of the 44-foot long bus. This maneuver by the bus therefore violated R.S. 32:104, subd. A, which reads:
“No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in R.S. 32:101, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.”
Therefore, we conclude that the bus driver’s negligence caused this accident.
However, defendants insist plaintiff convicted himself of negligence by his own testimony, citing his statements on both direct and cross-examination that the bus was traveling in the left or neutral ground lane when he first observed it. However, plaintiff in both instances immediately corrected his testimony and stated that the bus was in the right hand lane. He further estimated the bus was two to three car lengths in front of him when it moved across his lane, which is consistent with our conclusions based on the testimony of the bus driver. Another factor supporting this conclusion is the physical evidence of skid marks measuring 28 feet, which, when added to the approximately 30 feet[1] traveled during the reaction time, indicates plaintiff was about 60 feet from the point of impact when he sensed the need to apply his brakes.
We conclude that the defendants failed to prove any negligence on the part of the plaintiff.
Defendants concede the amount of the award was within the range of discretion of the trial judge.
The judgment is affirmed.
Affirmed.

. Plaintiff estimated his speed at 25 to 30 miles per hour. At 30 plaintiff would have traveled 44 feet per second, or approximately 33 feet during a normal % second reaction time.